# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 1:07-cr-344(1) |
| | : | 1:11-cv-878 |
| | : | |
| v. | : | |
| | : | Hon. John E. Jones III |
| DANIEL HAMM, | : | |
| Defendant. | : | |

## **MEMORANDUM**

## **August 23, 2012**

## **THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently pending before the Court is Defendant Daniel Hamm's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 136), filed on May 9, 2011.[1] The Government filed a Response and Brief in Opposition (doc. 139) on August 11, 2011. The Defendant filed a Motion (doc. 141) for an extension of time to file a reply brief, and the Court issued an Order (doc. 145) granting the Defendant's motion and extending the period for filing a response brief until January 31, 2012; however, the Defendant failed to file a reply brief. Thus, this matter is ripe for our review. For the reasons that follow, the Motion shall be denied.

---

[1] The Docket Entry citations reflect the docket entries as they appear on the criminal docket, 1:07-cr-344(1).

## I. PROCEDURAL HISTORY

On September 5, 2007, a multiple count Indictment was returned charging the Defendant, Daniel Hamm, ("Defendant" or "Hamm") and his wife, Darlene Hamm, with the following crimes: conspiracy to distribute and possession with intent to distribute cocaine hydrochloride and more than five (5) grams of a substance containing cocaine base (Count I, against both Hamm and his wife); distribution of and possession with intent to distribute cocaine hydrochloride and more than five (5) grams of a substance containing cocaine base (Counts II and III, against Hamm and his wife, respectively); and felon in possession of a firearm (Count IV, against Hamm alone). Hamm pled guilty to Counts II and IV on March 18, 2008. (Doc. 57). Pursuant to the plea agreement (doc. 39), the Government moved to dismiss the remaining count against Hamm following sentencing.

The Court engaged in a careful and deliberate Rule 11 colloquy with Hamm during the plea proceeding. (Plea Transcript, Doc. 82, at 8:1-12:12). At that proceeding, Hamm was represented by court-appointed counsel, L. Rex Bickley, Esquire ("Bickley"). Hamm affirmed that he understood that the maximum sentence accompanying his guilty plea was thirty (30) years of imprisonment, and that the Court has discretion to sentence him up to and including that maximum sentence. (*Id.* at 9:22-10:2, 14:11-20, 18:2-9). Hamm stated that he understood that

the Government's sentencing recommendations as outlined in the plea agreement are not binding upon the Court. (*Id.* at 13:9-23). He also stated that he understood that the Court would apply the Sentencing Guidelines, which, taking into account the Defendant's likely career offender designation, the nature and scope of his offense, and the recommended reduction for acceptance of responsibility, would yield a sentencing of approximately fifteen (15) years or 151 months. (*Id.* at 15:16-16:22). Hamm stated that he was satisfied with the representation he had received from Bickley and that he was entering the guilty plea of his own free will. (*Id.* at 5:10-13, 18:20-23).

Thereafter, on April 21, 2008, Hamm filed a *pro se* Motion to Remove Counsel (doc. 59). This Court granted said motion by Order (doc. 60) dated April 24, 2008, and appointed substitute counsel. Through counsel, Hamm then filed a Motion to Withdraw Guilty Plea (doc. 78) on August 20, 2008, but subsequently withdrew that motion on October 8, 2008 (*see* doc. 97). On November 19, 2008, this Court sentenced Hamm to a 170-month term of imprisonment. (Doc. 102). Hamm appealed this judgment to the United States Court of Appeals for the Third Circuit, which upheld the sentence on May 5, 2010. (Doc. 117).

On May 9, 2011, Hamm filed the instant *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody

(doc. 136). The Government filed a Response and Brief in Opposition (doc. 139) on August 11, 2011. Hamm filed a Motion (doc. 141) for an extension of time to file a reply brief, which the Court granting, extending the time for Hamm to reply until January 31, 2012. Despite this extension, Hamm has failed to file a reply.

## II. DISCUSSION[2]

In his Motion, Hamm raises ineffective assistance of counsel claims as his sole ground for relief. His arguments are summarized as follows: that Bickley was ineffective for failure to challenge the constitutionality of the government's search and seizure; that Bickley coerced Hamm into pleading guilty by inaccurately predicting the guideline range and failing to advise of his probable career offender status; and that Bickley was ineffective for failure to challenge the trial court's jurisdiction over the crimes charged. (Doc. 137).

### A. Ineffective Assistance of Counsel Standard

In order to successfully demonstrate ineffective assistance of counsel, a

---

[2] When a motion is made under Section 2255, whether to conduct a hearing is within the sound discretion of the district court. In exercising that discretion, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record. Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *United States v. Day,* 969 F.2d 39, 41-42 (3d Cir. 1992) (quoting *Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir. 1989)). Based on the analysis within this memorandum, the Court determines that there is no need to convene a hearing on Hamm's motion because it is, as noted, utterly lacking in merit and his factual assertions are entirely contradicted by the existing record.

petitioner must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and (2) the errors of counsel prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687-92, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first prong of the *Strickland* test requires the defendant show that counsel's performance was actually deficient. *Jermyn v. Horn,* 266 F.3d 257, 282 (3d Cir. 2001). A court "deciding an actual ineffectiveness claim must judge the reasonableness of the counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690. Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance," and the defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689-90 (quoting *Michel v. Louisiana,* 350 U.S. 91, 93, 76 S. Ct. 158, 100 L. Ed. 83 (1955)).

The second prong of the *Strickland* test requires the defendant show that the deficient performance so prejudiced the defense as to raise doubt as to the accuracy of the outcome of the trial or sentence. *Strickland*, 466 U.S. at 693-94. The petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jermyn,* 266 F.3d at 282 (quoting *Strickland,* 466 U.S. at 693). A

"reasonable probability," for the purposes of establishing prejudice, is "a probability sufficient to undermine confidence in the outcome." *Id.*

   B.   **Analysis**

Applying the *Strickland* test to Hamm's claims, we must determine whether Bickley's representation of Hamm with regards to Hamm's plea of guilty fell below a standard of objective reasonableness, and, if so, whether this conduct prejudiced Hamm. We conclude, based on the existing record, that Bickley was not ineffective in his representation of the Defendant.

With respect to the search and seizure, the Defendant cites to general principles of constitutional law and broadly asserts that if Bickley had examined the warrant, he would have determined that it lacked probable cause and the Court would have suppressed the evidence retrieved from the search. (Doc. 137, p. 3). Hamm sets forth no evidentiary basis for this claim and asserts no argument based upon facts of record in support of the contentions therein. *See Powell v. Meyers*, 214 Fed. App'x 197, 2000 (3d Cir. 2000) (noting that bare allegations are insufficient in challenging the effective assistance of counsel). Moreover, in its response the Government properly notes, citing *United States v. Ramsey*, 785 F.2d 184, 194 (7th Cir. 1986), that counsel is not rendered ineffective for electing not to raise defenses which he or she deems meritless.

The Affidavit of Probable Cause (doc. 89-2) asserts that on at least six (6) occasions, Hamm made cocaine sales to undercover agents, one of which occurred at his residence. The Defendant conceded the veracity of these statements in the statement of undisputed facts submitted during the change of plea proceeding. Thus, the record reveals that Bickley was not only exercising his appropriate professional judgment in opting not to challenge the basis of the warrant, he was likewise using *sound* discretion in determining not to bring a frivolous motion before the Court. Without delving into an extensive and unnecessary probable cause analysis, we note only that Bickley's election not to challenge the affidavit as unconstitutional cannot be deemed ineffective in light of the overwhelming factual basis therefor as later conceded by the Defendant.

Hamm next alleges that Bickley "coerced" his guilty plea by failing to investigate and properly advise him of possible sentences. In particular, Hamm submits that Bickley failed to convey that his applicable guideline range would likely be enhanced due to his probable career offender status. We note initially, as the Government aptly observes, the "general rule is that where an adequate guilty plea hearing has been conducted, an erroneous prediction or assurance by defense counsel regarding the likely sentence does not constitute grounds for invalidating a guilty plea on grounds of ineffective assistance of counsel." *Sepulveda v. United*

7

*States*, 69 F. Supp. 2d 633, 641 (D.N.J. Sept. 28, 1999) (citing *Masciola v. United States*, 469 F.2d 1057, 1059 (3d Cir. 1972). In *Sepulveda*, the court observed that a proper Rule 11 colloquy adequately "advises the defendant of the minimum and maximum imprisonment range under the statute and provides other necessary information about the Guidelines sentencing process, [and] eliminates any arguable prejudice from an earlier estimate" by defense counsel. *Id.*

A review of the transcript of the guilty plea colloquy makes plain that Hamm was fully apprised of his career offender status and the applicable guideline range. During the plea colloquy, Bickley predicted, based upon discussions with probation and the Government, that Hamm was facing a guideline range, "at the low end . . . in the neighborhood of 151 months." (*Id.* at 15:19-16:1). Bickley also expressly stated that "Mr. Hamm is probably a career offender," and Hamm acknowledged this probability. (*Id.* at 15:19-16:1, 16:11-13). Thereafter, the Court engaged in a substantial colloquy with Hamm, explicitly advising him that his probable career offender status would result in an enhancement of the applicable guideline range. (Change of Plea Transcript, Doc. 82, at 15:16-16:22).[3] The Court

---

[3] Specifically, the Court stated:

Q: All right, you have a prior criminal record?
A: Yes.
Q: And you understand as noted and implicit in what Mr. Bickley just said about career offender is that that does affect, that will affect how your guideline score is

8

advised, and Hamm expressly acknowledged, that the statutory maximum sentence under the United States Code for the counts to which Hamm was pleading guilty permit the Court to sentence him up to a term of imprisonment up to and including thirty (30) years. (*Id.* at 14:11-20). Thus, any prejudice from an earlier, off-the-record prediction by Bickley even if it happened was cured by the Court's advisement, and Hamm's acknowledgment, regarding the career offender designation, the advisory guideline range, and the maximum sentence permitted by law. Hamm well knew, by the Court and his counsel, that his sentencing exposure was quite high, and his contention that Bickley coerced his plea by failing to adequately apprise him of his potential sentencing exposure is thus utterly meritless.

Finally, we address Hamm's claim that Bickley failed in his "obligation to determine whether there is adequate justification for the crimes and whether the Court has jurisdiction." (Doc. 137, p. 6). Hamm asserts no facts to support his contention that Bickley failed to adequately investigate whether this Court has

---

        computed. Do you understand that?
A:    Yes, sir.

(*Id.* at 16:17-22). Thus, any contention by the Defendant that he was not well warned of his potential career offender status is belied by the record, which reveals that he was advised by both trial counsel and the Court of the probability of such an enhancement.

jurisdiction over the crimes charged in the Indictment. (*See id.*).[4] As the Government observes, the United States Code gives federal district courts criminal jurisdiction over "all offenses against the laws of the United States." 18. U.S.C. § 3231. The Indictment charged, and Hamm admitted to, violations of federal law, specifically, Title 18, United States Code, Sections 922(g)(1), 841(a)(1), and 841(b)(1)(A)(iii). Thus, because the Defendant was charged with crimes against the laws of the United States as contemplated by Section 3231, this Court was conferred with jurisdiction thereover and Bickley cannot be deemed ineffective for failing to challenge the same. Such a challenge would have been meritless on its face. We thus conclude in summary that Hamm has failed to demonstrate that Bickley was ineffective on any of the three grounds he asserts in his Motion.

Having concluded that the Defendant has failed to establish ineffectiveness of counsel, we are not required to address to *Strickland*'s second prong. However, in the interest of caution, we will briefly review the prejudice prong. Assuming *arguendo* that Bickley was ineffective, it is our view that Hamm was not at all prejudiced thereby. The Defendant received a sentence of 170 months, which was

---

[4] In support of this argument, Hamm argues only that trial counsel has an obligation to determine jurisdiction, that an indictment may be dismissed at any time where a court determines it does not have jurisdiction, and that "[a]ll effective attorneys must use all their skills and resources when representing their clients." (Doc. 137, p. 6). He does not assert an independent basis in fact for his claims.

18 months less than the maximum of his applicable guideline range, and 190 months less than the statutory maximum sentence of thirty (30) years. We thus cannot find that Hamm was prejudiced in any way by counsel's allegedly ineffective conduct. The Defendant's arguments, which this Court perceives to be borne of "pleader's remorse" rather than merit, have no basis in law or fact, and we will thus deny the Defendant's Motion in its entirety.

## III. CONCLUSION

Based on all of the foregoing, Defendant Daniel Hamm's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 136) shall be denied. We shall decline to issue a certificate of appealability in this matter because we find, pursuant to 28 U.S.C. § 2253, that Hamm has not made a substantial showing of the denial of a constitutional right. An appropriate order shall issue.